## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CAROLYN LORRAINE MOORE,

*Plaintiff,*

vs.

Case No. 16-1047-EFM

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

*Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Carolyn Moore seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income under Title XVI of the Social Security Act.  Plaintiff alleges that the administrative law judge ("ALJ") erred in her step two analysis because substantial evidence does not support her finding. Having reviewed the record, and as described below, the Court affirms the order of the Commissioner.

### I.        Factual and Procedural Background

Plaintiff Carolyn Moore was born in 1963.   In July 2012, Plaintiff applied for supplemental security income alleging a disability beginning on June 6, 2009.  She alleged that she was unable to work due to a bulging disc in her back, knee problems, and arthritis.  Her

application was denied initially and upon reconsideration.  Plaintiff then asked for a hearing before an ALJ.

ALJ Rhonda Greenberg conducted an administrative hearing on January 23, 2014. Plaintiff was represented by an attorney and testified about her medical conditions.  A vocational expert was present at the hearing.

On May 15, 2014, the ALJ issued her written decision, finding that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  The ALJ first found that Plaintiff suffered from degenerative changes of the lumbar spine, history of left ACL tear, mild iriditis and depression.  At step two of the sequential process, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that significantly limited her ability to perform basic work-related activities for twelve consecutive months.  Accordingly, the ALJ concluded that Plaintiff had not been under a disability from the date the application was filed through the date of her decision.

Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council.  The Appeals Council denied Plaintiff's request on December 11, 2015.  Accordingly, the ALJ's May 2014 decision became the final decision of the Commissioner.

Plaintiff filed a complaint in the United States District Court for the District of Kansas. She seeks reversal of the ALJ's decision and remand to the Commissioner for a new administrative hearing.  Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.    Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act (the "Act") which provides, in part, that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."[1]  The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.[2]  "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[3]  The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[4]

An individual is under a disability only if she can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[5]  This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience."[6]

---

[1] 42 U.S.C. § 405(g).

[2] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[3] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. Jul. 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

[5] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[6] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005)).

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7]  The steps are designed to be followed in order.  If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[9]  If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[10]

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national economy, respectively.[11]  The claimant bears the burden in steps one through four

---

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[8] *Barkley*, 2010 WL 3001753, at *2.

[9] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[10] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

-4-

to prove a disability that prevents performance of his past relevant work.[12]   The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[13]

### III.   Analysis

In this case, the ALJ stopped at step two of the sequential evaluation because she found that Plaintiff did not have a severe impairment or combination of severe impairments.  Plaintiff contends that the ALJ's determination was error because substantial evidence does not support this step two finding.  Plaintiff argues that the ALJ imposed a higher burden at step two instead of the "*de minimis* burden."

At step two of the evaluation, "the claimant must make a threshold showing that [her] medically determinable impairment or combination of impairments significantly limits [her] ability to do basic work activities, i.e., 'the abilities and aptitudes necessary to do most jobs.' "[14] "If the claimant is unable to show that [her] impairments would have more than a minimal effects on [her] ability to do basic work activities, [s]he is not eligible for disability benefits."[15] This burden has been characterized as "de minimis."[16]  However, "the mere presence of a condition is not sufficient to make a step-two showing."[17]   In addition, the limitations on the ability to work must last for at least twelve months.[18]   Accordingly, at step two, the ALJ

---

[12] *Lax*, 489 F.3d at 1084.

[13] *Id.*

[14] *Williams*, 844 F.2d at 751 (citing 20 C.F.R. §§ 404.1521(b), 416.921(b)).

[15] *Id.*

[16] *Id.*

[17] *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003).

[18] *Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

considers the claimant's impairments and whether they would have a significant impact on her ability to work for twelve consecutive months.[19]

In this case, the ALJ noted Plaintiff's impairments of degenerative changes of the lumbar spine, history of left ACL tear, mild iriditis, and depression. The ALJ found, however, that these impairments did not significantly limit Plaintiff's ability to perform basic work-related activities. Specifically, the ALJ discussed Plaintiff's back pain and depression.

Plaintiff does not take issue with the ALJ's opinion or provide any discussion about Plaintiff's knee or eye conditions. The Court accordingly will not undertake any analysis on these conditions because Plaintiff did not brief them.[20] The Court also notes that Plaintiff does not adequately brief Plaintiff's alleged mental condition. Nevertheless, the Court will briefly discuss Plaintiff's mental condition after considering the ALJ's determination on Plaintiff's back pain.

With regard to Plaintiff's back pain, the ALJ noted Plaintiff's hearing testimony that she experienced daily back pain, the limitations Plaintiff felt from the back pain, and medication she took to help alleviate the pain. The ALJ, however, found that Plaintiff was not entirely credible due to the objective medical evidence, Plaintiff's reports to her medical providers, and Plaintiff's own extracurricular activities. With regard to the medical evidence during the relevant time period,[21] the ALJ noted that it considered the August 3, 2012, written opinion of Plaintiff's

---

[19] *See Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997).

[20] *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (discussing only the contentions that had been adequately briefed for the court's review).

[21] Plaintiff asserts that medical evidence supports her contention that her back condition causes greater limitations than the ALJ found. Plaintiff, however, relies primarily upon medical evidence in 2009 through 2011. Plaintiff filed for SSI benefits in July 2012. Although the ALJ noted the evidence from 2009 through the date of her decision, the relevant time period is from July 2012 forward because the earliest an individual can receive SSI benefits is the month following the individual's application because the onset date is considered the date the

treating physician Dr. Reddy.   In that opinion, Dr. Reddy opined that Plaintiff was not emotionally or physically disabled.   The ALJ found that Dr. Reddy's report was well supported by treatment notes that Plaintiff's pain was managed with medications and that her mood was stable.   Thus, the ALJ gave significant weight to Dr. Reddy's opinion.   The ALJ also noted other opinions, including the state agency reviewing physicians and a written statement by a third party reporter. In considering all of these opinions and the evidence that these opinions relied upon, the ALJ formulated her own determination that Plaintiff was not significantly limited by her disability allegations.

As to Plaintiff's reports to her medical providers, the ALJ noted that Plaintiff generally reported that her pain control was adequate and that she felt pretty good.   The ALJ accordingly found that Plaintiff's stated limitations to the ALJ for purposes of a disability determination were somewhat inconsistent with the evidence of Plaintiff's limitations.   Finally, the ALJ stated that Plaintiff's self-reported daily activities were inconsistent with a significant limitation of function. In considering the evidence as a whole, the ALJ determined that Plaintiff did not have a physical impairment or combination of physical impairments that significantly limited her ability to perform basic work activities.   Thus, the Court finds that the ALJ's determination is supported by substantial evidence in the record.

The ALJ undertook an analysis in her opinion as to why Plaintiff's medically determinable mental impairment, depression, was not significantly limiting and supported it by references to the record and the evidence.   Plaintiff, in passing, appears to suggest that there was

---

application is filed.  *See Wall v. Astrue*, 561 F.3d 1048, 1068 n. 28 (10th Cir. 2009); 20 C.F.R. § 416.335.  Thus, the Court finds the medical evidence relied upon by Plaintiff unhelpful to her case.  In any event, the ALJ noted that this medical evidence from 2009 through 2011 did not support Plaintiff's alleged limitations.

some evidence to support the finding of a mental condition but fails to develop any argument or direct the Court to substantial evidence that would change the ALJ's reasonable determination. Thus, the Court finds no error regarding the ALJ's determination regarding Plaintiff's alleged mental disability.

The Court cannot reweigh the evidence nor substitute its judgment for the Commissioner.[22]  The Court finds that substantial evidence supports the ALJ's finding that Plaintiff's impairment or combination of impairments did not significantly limit her ability to perform basic work-related activities for a period of twelve months and thus she did not have a severe impairment or combination of impairments.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 2nd day of December, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[22] *Bowman*, 511 F.3d at 1272.